IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No.  13-cv-03242-LTB-KMT

EDWARD ANTHONY BROWNLEE,

            Plaintiff,

v.

LITHIA MOTORS, INC.,

            Defendant.

_____

MEMORANDUM OPINION AND ORDER
_____

Babcock, J.

This matter is before me on Defendant Lithia Motors, Inc.'s Motion to Compel

Arbitration [**Doc #15**] in which it seeks an order compelling Plaintiff, Edward Anthony

Brownlee, to submit his claims for unpaid wages and breach of contract to arbitration.  Oral

arguments will not materially aid in the resolution of this request.  After consideration of the law

and the parties' arguments, I GRANT the motion to compel, as follows, and I DISMISS this case

without prejudice.

## I.  BACKGROUND

Plaintiff alleges that he was an employee of Lithia Motors until he was terminated in

October of 2011.  It is Plaintiff's position that he is owed unpaid wages – for the years 2008,

2010 and 2011 – in the form of shares of Lithia Motors' stock which, he claims, became owing

upon his termination.  Because Lithia Motors has failed to pay him, Plaintiff filed suit in Adams

County District Court asserting a claim for unpaid wages under the Colorado Wage Claim Act,

§§ 8-4-101 *et seq*. (First Claim for Relief) and a claim for Breach of Contract (Second Claim for

Relief). [Doc #1-1]  The action was subsequently removed to this court by Lithia Motors based on federal diversity jurisdiction pursuant to 28 U.S.C. §1332(a). [Doc  #1]

## II. MOTION

In this motion, Lithia Motors asks that I compel the parties to arbitrate this employment/contract dispute on the basis that the underlying Agreements (a Restricted Stock Agreement dated March 10, 2008; a Restricted Stock Unit Agreement dated March 12, 2010; and a Restricted Stock Unit Agreement dated March 10, 2011) contain identical provisions in which the parties agree to submit any dispute to final arbitration in Portland, Oregon. [Doc #15, Ex. A-C]  Specifically, the provision in each Agreement provides as follows:

> **Arbitration**. The parties agree to submit any dispute arising under this Agreement to final, binding, private arbitration in Portland, Oregon. This includes not only disputes about the meaning or performance of the Agreement, but disputes about its negotiation, drafting, or execution. The dispute will be determined by a single arbitrator in accordance with the then-existing rules of arbitration procedure of Multnomah County, Oregon Circuit Court, except that there shall be no right of de novo review in Circuit Court and the arbitrator may charge his or her standard arbitration fees rather than the fees prescribed in the Multnomah County Circuit Court arbitration procedures. The proceeding will be commenced by the filing of a civil complaint in Multnomah County Circuit Court and a simultaneous request for transfer to arbitration. The parties expressly agree that they may choose an arbitrator who is not on the list provided by the Multnomah County Circuit Court Arbitration Department list, but if they are unable to agree upon the single arbitrator within ten days of receipt of the Arbitration Department list, they will ask the Arbitration Department to make the selection for them. The arbitrator will have full authority to determine all issues including arbitrability, to award any remedy, including permanent injunctive relief, and to determine any request for costs and expenses in accordance with . . . this Agreement. The arbitrator's award may be reduced to final judgment in Multnomah County Circuit Court. The complaining party shall bear the arbitration expenses and may seek their recovery if it prevails. Notwithstanding any other provision of this Agreement, an aggrieved party may seek a temporary restraining order or preliminary injunction in Multnomah County Circuit Court to preserve the status quo during the arbitration proceeding.

In addition, I note that the Agreements also provide, in a separate section, that "the

2

prevailing party will be entitled to recover, in addition to costs, such sums as the court or arbitrator may adjudge reasonable as attorney fees, including fees on any appeal." The Agreements further indicate that the rights and obligations of the parties "shall be governed by and construed in accordance with the internal laws of the State of Oregon."

Based on the arbitration provision, Lithia Motors seeks an order requiring Plaintiff to submit his claims against it to arbitration. Plaintiff, in response, asserts that the arbitration provision, which mandates that "[t]he complaining party shall bear the arbitration expenses and may seek their recovery if it prevails," is not enforceable in that it deprives him of full vindication to pursue his claim under the Colorado Wage Claim Act (the "Wage Act"). Alternatively, he argues that the arbitration provision is unconscionable, in that requires him to bear the full cost of arbitration (without a guarantee of recovering those costs even if he prevails) in order to have his claims addressed, and thus it should be severed from the Agreements. Finally, Plaintiff argues that if his claims are subject to arbitration, the forum selection and choice of law terms in the Agreements are void and unenforceable because they conflict with the Wage Act's non-waiver provision.

### III. LAW

The Federal Arbitration Act (the "FAA") provides that "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; *see also Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991). "The court shall hear the parties, and upon being satisfied

that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. Courts must interpret arbitration clauses liberally, and all doubts must be resolved in favor of arbitration. *Armijo v. Prudential Ins. Co. of America*, 72 F.3d 793, 798 (10th Cir. 1995). Thus, "having made the bargain to arbitrate, the party should be held to it unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 628, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985).

The Wage Act's statutory scheme is designed to require employers to pay wages earned by their employees in a timely manner. *See* Colo. Rev. Stat. § 8-4-109(1)(a)("[w]hen an interruption in the employer-employee relationship by volition of the employer occurs, the wages or compensation for labor or service earned, vested, determinable, and unpaid at the time of such discharge is due and payable immediately"). The Wage Act is "a comprehensive wage code designed to require employers to make timely payment of wages earned by an employee and to provide adequate judicial relief when employers fail to pay wages when due." *Cusimano v. Metro Auto, Inc.*, 860 P.2d 532, 533 (Colo. App. 1992)(*failed to follow on different grounds in Leonard v. McMorris*, 63 P.3d 323, 332 (Colo. 2003)).

## IV. ARBITRATION COST PROVISION

Plaintiff first argues that the arbitration provision at issue here is not enforceable because it prevents him from effectively pursuing his right to collect unpaid wages under the Wage Act. Specifically, he requests that I deny the motion to compel because requiring him to bear the burden of paying all the arbitrator fees and arbitration costs denies him an effective forum in

4

which to pursue his statutory rights.

A statutory employment right can, as a general rule, be subject to mandatory arbitration. *See Gilmer v. Interstate/Johnson, supra,* 500 U.S. at 26 (concluding that an ADEA discrimination claim can be subjected to compulsory arbitration under the FFA). The Tenth Circuit acknowledged that statutory claims may be subject to arbitration, on the basis that an individual does not forgo substantive statutory rights by merely submitted their resolution to an alternative forum, in *Shankle v. B-G Maintenance Management of Colorado, Inc.,*163 F.3d 1230, 1234 (10th Cir. 1999). The Court ruled, however, that the presumption of arbitrability of such claims does not apply when "the terms of an arbitration agreement actually prevent an individual from effectively vindicating his or her statutory rights." *Id.* (citations omitted). Because the mandatory arbitration agreement in *Shankle v. B-G Maintenance supra* was entered into as a condition of continued employment, and required the employee to split the arbitrator's substantial fees, the Tenth Circuit ruled that it failed to provide an accessible forum in which the plaintiff could resolve his statutory rights under the ADA and ADEA, and that forcing arbitration "clearly undermines the remedial and deterrent functions of the federal anti-discrimination laws." *Id.* at 1235 (citations omitted).

In 2000, the Supreme Court addressed the issue of whether arbitration costs precluded a prospective litigant from effectively pursuing her statutory rights in *Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79, 91–92, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000). In that case the Court rejected the plaintiff's argument that the *risk* of having to pay high arbitration costs prevented her from vindicating her statutory rights to pursue her claim under the Sarbanes–Oxley Act, which provides a cause of action for an employee terminated in retaliation

for reporting evidence of fraud. *Id.* 531 U.S. at 91–92; *see also* 18 U.S.C. § 1514A. Because the agreement to arbitrate in *Green Tree Financial v. Randolph, supra,* was silent as to which party would bear the fees and costs, the Supreme Court concluded that "where . . . a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs." *Id.* at 92 (requiring a case-by-case determination of whether a cost-splitting provision renders an arbitration agreement unenforceable). The Court held that in light of the "liberal federal policy favoring arbitration agreements," such risk was "too speculative to justify the invalidation of an arbitration agreement." *Id.* at 91.

Thereafter, in *Hill v. Ricoh Americas Corp.*, 603 F.3d 766, 770 (10th Cir. 2010), the Tenth Circuit reviewed an arbitration provision that dictated that each party pay his or her own fees and expenses (except that the cost of the arbitrator and any filing fee exceeding the applicable filing fee in federal court was paid by the employer), but that all reasonable costs and fees were subject to reimbursement from the other party via ruling by the arbitrator. Because the arbitrator had discretion to award the plaintiff his attorney fees if he prevailed, and was not required to compel the plaintiff to pay the defendant's attorney fees if he lost, the Court found that the arbitrator had the full authority to grant the plaintiff the same relief that he would have received in court on his Sarbanes-Oxley Act claim. Thus, the Court ruled that the plaintiff's "fear that his [Sarbanes-Oxley Act] rights would not be vindicated is mere speculation . . . based on an unsupported assumption that the arbitrator will be hostile to the substantive rights created" by the Sarbanes-Oxley Act. *Id.* at 780 (noting that the Supreme Court has made clear that "such an assumption is inappropriate")(citations omitted). As such, the Tenth Circuit remanded with

6

instructions to compel arbitration. *Id.*

The Northern District of Oklahoma has recently applied this legal authority in several unpublished cases. For example, it ruled that a mandatory "loser pays" fee-shifting arbitration provision (requiring that the attorney fees and the other expenses of arbitration shall be awarded to the prevailing party) nullified the plaintiff's right under Title VII to bring a non-frivolous suit without risking paying her opponent's fees, and her right under the EPA to bring any suit without risking paying her opponent's fees. *Smith v. AHS Oklahoma Heart, LLC*, 2012 WL 3156877 (N.D.Okla. 2012)(unpublished); *see also Munoz v. Green Country Imports, LLC,* 2012 WL 4736332(N.D.Okla. 2012)(unpublished). In *Vicente v. Volkswagen of Tulsa, L.L.C.*, 2012 WL 6115055 (N.D.Okla. 2012)(unpublished), the District Court ruled that the plaintiff "failed to demonstrate a likelihood of prohibitive costs that would undermine his statutory remedy" for racial discrimination when the defendant employer agreed to bear all costs associated with the arbitration, including "filing fees of the arbitration, any costs imposed by the arbitrator, and its own attorney's fees regardless of the outcome of the litigation." *Id.*; *see also Morrison v. Volkswagen Tulsa, LLC*, 2013 WL 249367 (N.D.Okla. Jan 23, 2013)(same).

In this case, the arbitration provision at issue provides that the complaining party is required to pay the costs of arbitration, in their entirety, but that the arbitrator has the discretion to reimburse any request for costs and expenses (as well as reasonable attorney fees) to the prevailing party. The Wage Act states that the court may award the prevailing party its reasonable costs and attorney fees incurred. Colo. Rev. Stat. § 8-4-110(1)(providing that the court *may* award reasonable costs and attorney fees incurred in such action to the employer when "the employee fails to recover a greater sum than the amount tendered by the employer . . . [and]

the employee claims wages or compensation that exceed the greater of seven thousand five hundred dollars" and to the employee when he or she "recovers a sum greater than the amount tendered by the employer").

Thus, the Wage Act provides for the discretionary award of reasonable costs and attorney fees to the prevailing party under specific circumstances. This is consistent with the arbitration provision here, as the arbitrator has the full authority to grant the parties the same relief. *See Hill v. Ricoh Americas, supra,* 603 F.3d at 770 (compelling arbitration when the arbitrator, in his or her discretion, could order reimbursement of reasonable costs and fees as consistent with the relief provided by the relevant statute). However, unlike in *Hill v. Ricoh Americas, supra*, the Plaintiff here (as the complaining party) is subjected to a significant cost-shifting burden in that he alone must pay not only his share of the costs associated with having the dispute heard by an arbitrator, but also those of Lithia Motors, in order to pursue his claim under the Wage Act. If he ultimately wins, there is only the possibility that Plaintiff will be reimbursed, and if he loses he will not be reimbursed any of the costs he paid to arbitrate this matter. As such, I conclude that the term requiring the complaining party to pay the arbitration costs in the Agreements in this case is not enforceable as it conflicts with Plaintiff's ability to bring a claim to enforce his Wage Act rights. *See generally Green Tree Financial v. Randolph, supra*, 531 U.S. at 91 (rejected a *per se* approach in favor of a case-by-case inquiry into whether the individual would in fact be precluded from vindicating his or her rights because of the cost of arbitration). Thus, I agree that requiring Plaintiff to pay the full cost of the arbitration, with only the possibility of recovery and only if he prevails, undermines his ability to vindicate his statutory right to adequate judicial relief for his employer's alleged failure to pay wages when due, as claimed, under the Wage Act.

8

However, as noted by the parties, the Agreements at issue here each contain an identical severability clause which provides that "[i]n the event that any provision hereof is found invalid or unenforceable pursuant to judicial decree or decision, the remainder of the Agreement shall remain valid and enforceable according the its terms."   Thus, the severability clause requires that the unenforceable provision of the Agreements – that "[t]he complaining party shall bear the arbitration expenses and may seek their recovery if it prevails" – must be struck, and the remainder of the terms shall be deemed valid.  *See Fuller v. Pep Boys–Manny, Moe & Jack of Del., Inc.*, 88 F.Supp.2d 1158, 1162 (D. Colo. 2000)(ruling that a severability/savings clause "allows me to disregard the fee-splitting provision so as to uphold the validity of the [arbitration] agreement"); *see also N.L.R.B. v. Tulsa Sheet Metal Works, Inc.*, 367 F.2d 55, 59 (10th Cir. 1966)(holding that where an agreement contains a "savings and severability" clause, the agreement "should not be completely obliterated because some provisions are beyond the legal limits . . . unless such illegal provisions permeate the complete contract to such an extent as to affects its enforceability entirely").

Therefore, I conclude that the arbitration provision in the Agreements mandates that Plaintiff's dispute must be arbitrated under the FAA.  However, because I have determined that the provision requiring him to pay the arbitration costs effectively prohibits him from pursuing his rights under the Wage Act, I strike that term in the Agreements – "[t]he complaining party shall bear the arbitration expenses and may seek their recovery if it prevails" –  as permitted by the severability clause.  Finally, because I have stricken the provision requiring Plaintiff to pay the arbitration expenses, I do not reach his argument that the term is unconscionable.

## V.  FORUM/VENUE and CHOICE OF LAW

In his response to this motion, Plaintiff also asserts that the arbitration provision in the parties' Agreements contains an unenforceable forum/venue provision and choice of law requirement. Specifically, the arbitration provision requires that parties agree to submit any dispute arising under the Agreements "to final, binding, private arbitration in Portland, Oregon." In another section, the Agreements provide that:

> **Governing Law**: This Agreement and the rights and obligations of the parties hereunder shall be governed by and construed in accordance with the internal laws of the State of Oregon applicable to the construction and enforcement of contracts wholly executed in Oregon by residents of Oregon and wholly performed in Oregon. Any action or proceeding brought by any party hereto shall be brought only in a state or federal court of competent jurisdiction located in the County of Multnomah in the State of Oregon and all parties hereto hereby submit to the in personam jurisdiction of such court for the purposes of any such action or procedure.

Plaintiff contends that these terms are prohibited by the Wage Act, in its non-waiver provision, which specifically states that "[a]ny agreement, written or oral, by any employee purporting to waive or to modify such employee's rights in violation of this article shall be void." Colo. Rev. Stat. §8-4-121.

However, with regard to the forum, the Wage Act does not provide its plaintiffs with a right to be heard in Colorado or by any specific venue expect "in any court having jurisdiction over the parties." Colo. Rev. Stat §8-4-110(2); *but see Morris v. Towers Financial Corp.*, 916 P.2d 678, 679 (Colo. App.1996)(ruling that a forum selection cause was voided by the non-waiver provision because the Wage Act intended its claims be remedied by employees filing civil actions in Colorado courts)(*relying on Lambdin v. District Court,* 903 P.2d 1126 (Colo. 1995)). Moreover, I note that the non-waiver provision does not serve to void arbitration provisions as a matter of law. *See Grohn v. Sisters of Charity Health Services Colorado*, 960

P.2d 722 (Colo. App. 1998)(ruling that the non-waiver provision did not void an arbitration provision of an employment agreement, on the basis that the FAA requires that the Wage Act claim be arbitrated under the Supremacy Clause); *see also Byerly v. Kirkpatrick Pettis Smith Polian, Inc.*, 996 P.2d 771, 774 (Colo. App. 2000); *Perry v. Thomas*, 482 U.S. 483, 484, 107 S.Ct. 2520, 2523, 96 L.Ed.2d 426, 432 (1987)(ruling that the FAA preempted a state wage claim statute that authorized an action in the state courts to collect wages regardless of "the existence of any private agreement to arbitrate").   As such, the Wage Act does not mandate a forum or venue, nor can it demand that a court (as opposed to an arbitrator) hear and decide Wage Act claims.

Additionally, I note that the choice of law provision in the Agreements specifically applies the "internal laws of the State of Oregon applicable to the construction and enforcement of contracts."  Thus, while Oregon law applies to Plaintiff's breach of contract claim, the provision does not apply to his claim for unpaid wages under the Wage Act which, in turn, is a Colorado statute and would necessitate the application of Colorado law.  As such, I reject Plaintiff's argument that the Wage Act's non-waiver provision at Colo. Rev. Stat. §8-4-121 prohibits the enforcement of the choice of law and venue/forum selection provisions of the Agreements.

ACCORDINGLY, the Motion to Compel Arbitration filed by Lithia Motors is GRANTED. [**Doc #15**] The parties are ORDERED to proceed with arbitration in accordance with the relevant Agreements, as written, EXCEPT to the extent that I have struck the provision requiring that "[t]he complaining party shall bear the arbitration expenses and may seek their

recovery if it prevails." As a result, this case is DISMISSED WITHOUT PREJUDICE.


Dated: June  19 , 2014 in Denver, Colorado.


                              BY THE COURT:


                               s/Lewis T. Babcock_____
                              LEWIS T. BABCOCK, JUDGE